**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMEERAH M. MATTHEWS,<br><br>    Plaintiff,<br><br>  v.<br><br>CAPITAL ONE AUTO FINANCE, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-8681 (BRM) (JRA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is Plaintiff Sameerah Matthews's ("Plaintiff") Amended Complaint against Defendant Capital One Auto Finance, incorrectly named in Plaintiff's Amended Complaint as "Capital One Auto Finance, D.B.A. Capital One National Association" ("Defendant"). (ECF No. 7 at 1). Defendant filed a motion to dismiss on May 27, 2025. (ECF No. 21.) On June 26, 2025, Plaintiff filed a motion to reset the briefing schedule based on delayed service of the motion and asked that her "forthcoming opposition brief" be considered timely. (ECF No. 23.) The Court granted her request and ordered her to "file a single submission composed of her opposition and any 'supplemental filings' by July 15, 2025." (ECF No. 24.) That order was returned to the Court as undeliverable (ECF No. 25), and Plaintiff has not responded to the Court's order[1] directing her to provide the Court with a valid address by August 28, 2025. (ECF No. 26.) Accordingly, for the reasons set forth below and for good cause appearing, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

---

[1] This order was not returned as undeliverable.

I.  **BACKGROUND**

Plaintiff's Amended Complaint concerns the financing practices of Defendant and the repossession of a vehicle. (ECF No. 7 at 2–3.) In her Amended Complaint, Plaintiff claims Defendant violated the Truth in Lending Act, engaged in misrepresentation, unjust enrichment, breach of contract, and intentional infliction of emotional distress. (ECF No. 7 at 3–4.) Defendant claims Plaintiff's "allegations are insufficient to plausibly state a cognizable claim" and claims each of Plaintiff's causes of action fails as a matter of law. (ECF No. 18 at 2; ECF No. 21.)

From the outset of her case, Plaintiff has repeatedly failed to follow local rules, appear before the Court, and respond to the Court's Orders. When Plaintiff filed her complaint on August 21, 2024, she did not pay the filing fee or file an application to proceed *in forma pauperis* (IFP). (ECF No. 1; ECF No. 3.) Plaintiff did not respond within 21 days to the clerk's letter requesting payment or an IFP application, and on September 23, 2024, the Court ordered the complaint to be withdrawn. (ECF No. 4.) On December 13, 2024, Plaintiff paid the filing fee, and despite her lateness, the Court permitted her case to be reopened. (ECF No. 5.) On January 31, 2025, Plaintiff filed an Amended Complaint, after the 21 days allowed by Federal Rule of Civil Procedure 15(a)(2) and without obtaining the Court's leave or Defendant's consent. Fed. R. Civ. P. 15(a)(2). (ECF No. 7; ECF No. 8.) Despite Plaintiff's having missed the deadline and failure to seek consent, Defendant consented to the filing of Plaintiff's Amended Complaint as the operative complaint. (ECF No. 16.) On March 5, 2025, Plaintiff failed to appear for a status conference. (ECF No. 14.) The Court permitted Plaintiff five days to submit a letter explaining her failure to appear before the Court. (*Id.*) Plaintiff did not respond.

On May 2, 2025, Defendant filed a premotion letter, summarizing its legal arguments and requesting leave to file a Motion to Dismiss. (ECF No. 18). While the undersigned's judicial

preferences do not require a premotion conference for cases involving *pro se* litigants, the Court nevertheless afforded Plaintiff the opportunity to file a response letter. (ECF No. 19.) She failed to do so. (ECF No. 20).

On May 27, 2025, Defendant filed a Motion to Dismiss. (ECF No. 21.) Plaintiff's opposition was due on June 23, 2025. On June 24, 2025, Plaintiff attempted to file a "Supplemental Motion, Order and Certificate of Service," but, on June 25, 2025, the Clerk's Office entered a Quality Control Message stating the documents "submitted by Plaintiff on 6/24/2025 via ADS is unreadable" and ordered her to "PLEASE RESUBMIT THE DOCUMENTS." To the Court's knowledge, the June 24, 2025 supplemental motion was not resubmitted as directed by the Clerk's Office.

Later that day on June 25, 2025, Plaintiff filed a letter seeking leave to file supplemental memorandum of law and referenced the "previously submitted Supplemental Memorandum of Law filed on June 24, 2025." (ECF No. 22.) She asked that the submission be accepted as timely. (*Id.*) On June 26, 2025, Plaintiff filed a motion to reset the briefing schedule based on delayed service of the motion and asks that her "forthcoming opposition brief" be considered timely. (ECF No. 23.) On July 1, 2025, the Court ordered Plaintiff to "file single submission composed of her opposition and any 'supplemental filings' by July 15, 2025." (ECF No. 24.) That order was returned as undeliverable and was returned to sender for having an insufficient address and no forwarding address (ECF No. 25), therefore the Court ordered Plaintiff to provide the Court with a valid address by August 28, 2025, consistent with Local Civil Rule 10.1 (ECF No. 26 (quoting L.Civ.R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice

of said change with the Clerk.")).) She was advised that "failure to do so may result in the case being dismissed." (*Id.*)

To date, Plaintiff has not responded to the Court's Order, provided a valid address, or otherwise contacted the Court.

## II.   LEGAL STANDARD

### A. Local Civil Rule 10.1(a)

All litigants, whether *pro se* or represented, must file a notice with the Clerk informing the Court of their new mailing address of within seven days of an address change. *See* L. Civ. R. 10.1(a). Failure to comply with this rule may result in dismissal of a plaintiff's complaint. *See Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015) (dismissing a *pro se* complaint for failure to prosecute, including failure to comply with the address change requirements in Rule 10.1(a)). The Court gave Plaintiff explicit notice of Rule 10.1(a) in The Notice of Guidelines for Appearing Pro Se, filed August 23, 2024, stating, "[it] is your responsibility to keep the Court and opposing counsel, if any, advised of your current mailing address. Failure to do so [. . .] may result in your case being dismissed for failure to prosecute, or otherwise affect your legal rights." (ECF No. 2 at 1).

### B. Federal Rule of Civil Procedure 41(b)

Dismissal of a complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," which may operate "as an adjudication on the merits." *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) allows courts "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). The Court has authority to dismiss a Plaintiff's action with prejudice for failure to comply with

Rule 41(b) so that district courts may "avoid congestion" in their calendars and "prevent undue delays in the disposition of pending cases." *Link v. Wabash R.R. Co.*, 370 U.S. at 629 (affirming the district court's *sua sponte* dismissal with prejudice for failure to prosecute).

To decide whether the sanction of dismissal is proper, courts in this Circuit engage in a balancing analysis of six factors, called the *Poulis* factors: (1) the extent of the party's personal responsibility; (2) potential prejudice to the adversary caused by the dilatoriness; (3) the history of dilatoriness; (4) willful or bad faith conduct; (5) whether there are alternative sanctions; and (6) the meritoriousness of a plaintiff's claims or defenses. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Dismissal may be appropriate even if some of the factors are not met, and there is not one dispositive factor. *See Washington v. Grace,* 533 F. App'x 68, 72 (3d Cir. Aug. 9, 2013) (affirming the lower court's dismissal with prejudice of a pro se litigant's case) (citing *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008)). If a district court "does not have the facts necessary to conduct a full analysis of the *Poulis* factors," it should not dismiss a claim *sua sponte*, and instead "provide the plaintiff with a full and fair opportunity to be heard regarding his failure to comply with the court's orders." *Briscoe*, 538 F.3d at 264. Here, the Court provide Plaintiff with several opportunities throughout the litigation to explain her repeated failure to prosecute her case or otherwise comply with Court orders.

### III. DECISION

"A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (affirming the lower court's dismissal of an IFP *pro se* prisoner litigant's case for failure to prosecute, which included failing to comply with court orders and choosing not to remedy the situation despite being afforded "a plethora of chances")

(*citing Link*, 370 U.S. at 630-31). Plaintiff's repeated inaction constitutes a failure to prosecute. Throughout the course of her case, the Court afforded Plaintiff the opportunity to move her case forward and remedy her missteps. At this point, Plaintiff has effectively abandoned her case, ceasing communication with the Court and failing to provide a valid address at which the Court may reach her. Without Plaintiff's participation, adjudication of her case is impossible.

Analysis of the *Poulis* factors is unnecessary to warrant dismissal when a Plaintiff "refuses to proceed with his case or otherwise makes adjudication of his case impossible." *See Abulhkair v. New Century Financial Services, Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (affirming the district court's order dismissing a *pro se* plaintiff's case without conducting a *Poulis* analysis after the plaintiff "impeded his case from moving forward" by refusing to participate in discovery or respond to defendant's Motion to Dismiss). *See also Iseley*, 216 F. App'x at 255 ("When a litigant's conduct makes adjudication of the case impossible [. . .] such balancing under Poulis is unnecessary.").

Nonetheless, in an abundance of caution, this Court undertakes consideration of the six *Poulis* factors to conduct an analysis in determining whether *sua sponte* dismissal Plaintiff's claims is appropriate. *See In re Asbestos Products Liability Litigation (No. VI)*, 718 F.3d 236, 247 (3d. Cir. 2013) ("[W]e will not hesitate to remand a case to the district court when the judge dismisses a case *sua sponte* without an indication that *Poulis* was considered.") The Court's conclusion after conducting the *Poulis* analysis is that the factors weigh in support of dismissal of Plaintiff's claims without prejudice.

### A. Evaluation of the *Poulis* Factors

1. **The extent of the party's personal responsibility**

The first *Poulis* factor considers the extent of the party's personal responsibility and whether the failure to prosecute the case can be "blamed on counsel." *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d. Cir. 2022). Plaintiff is *pro se* and therefor herself responsible for complying with the Court's orders and local rules of procedure. *See Briscoe*, 538 F. 3d at 258–59 ("It is logical to hold a *pro se* plaintiff personally responsible for the progress of [her] case."). Plaintiff's approach does not demonstrate personal responsibility for ensuring progress in prosecuting her case. Despite this, at multiple junctures, the Court has afforded Plaintiff the opportunity to move forward with her case by accommodating Plaintiff's lateness and unconventional filings, as detailed in the background section of this opinion. Therefore, the Court finds the first *Poulis* factor weighs in favor of dismissal of Plaintiff's claims without prejudice.

2. **The prejudice to the adversary**

The second *Poulis* factor considers whether Plaintiff's failure to prosecute has prejudiced Defendants by imposing a burden that would impede the opposition from being able to effectively prepare "a full and complete trial strategy." *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222, 226 (3d Cir. 2003) (affirming the District Court dismissal of the plaintiff's claims after "many months of acrimony, delays, and warnings"). Prejudice can include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Tr. of N.J. Brewery Emp. Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (vacating a dismissal for failure to prosecute, because, amongst other unsatisfied *Poulis* factors, there was not significant prejudice to the adversary) (citing *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Plaintiff's case has

lingered on this Court's docket for over sixteen months; however, the Court is not willing to find Defendant has been prejudiced. Defendant complied with the Court's preference for pre-trial meetings and letters; Defendant granted consent to proceed with Plaintiff's amended Complaint, which was not timely filed; and Defendant timely filed a Motion to Dismiss. Defendant appears to be prepared to argue their defenses. Therefore, the second *Poulis* factor is neutral in the analysis of whether to dismiss Plaintiff's case.

### 3. A history of dilatoriness

The third *Poulis* factor requires the Court to consider the extent and history of Plaintiff's dilatoriness through repeated delay or delinquency. *See Poulis*, 747 F.2d at 868. Time limits serve an important purpose for the expeditious processing of litigation, and if compliance with a time limit is unfeasible, a party may request from the Court an extension. *See id.* ("A history . . . of ignoring these time limits is intolerable."). Indeed, Plaintiff has shown a history of dilatoriness and delinquency throughout the procedural history of her case. Plaintiff's case is bookended by dilatoriness: she began her case by failing to pay her filing fee until nearly three months after her complaint was dismissed, and, most recently, her failure to respond to or communicate with the Court for the last six months. Further, Plaintiff is unable to receive future communications from the Court because Plaintiff has not provided the Court with a valid address at which she may be reached. (ECF No. 26.) As to the third *Poulis* factor, the Court finds Plaintiff's history of dilatoriness supports the dismissal of Plaintiff's case.

### 4. Whether the conduct of the party or the attorney was willful or in bad faith

The fourth *Poulis* factor requires consideration of whether Plaintiff has acted willfully or in bad faith. *See Poulis*, 747 F.2d at 868. Examples of willful behavior or bad faith in this context includes failure to reply to orders or interrogatories for extended periods of time, asking for

numerous extensions, ignoring admonitions from the court, and making false promises to remedy behavior. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 135 (3d Cir. 2019) (finding no evidence of a plaintiff's bad faith tactics because delays were caused by administrative confusions). *See also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 at 643 (1978) (holding that the district court did not abuse its discretion in finding bad faith, and warning that affirming the Court of Appeals' reversal of a dismissal might encourage future parties to "flout" other district court orders). Willfulness involves intentional or self-serving behavior. *Adams*, 29 F.3d at 874. When a Plaintiff offers no explanation for their inability to comply with court orders, dilatory behavior can be found to be willful or in bad faith. *See Reigle v. Reisch*, 635 F. App'x 8, 11 (3d Cir. 2015) (affirming the lower court's dismissal of a *pro se* litigant's case for failure to prosecute and agreeing with the lower court's assessment that the Plaintiff's "manner in which he conducted himself" was in bad faith). It is arguable that Plaintiff's behavior was willful or in bad faith. However, dismissal does not require that the Court conclude Plaintiff's abandonment of her case and failure to comply with the local rules and Court Orders was willful, in bad faith, or contumacious. Instead, the Court finds the fourth *Poulis* factor to be neutral.

### 5. The effectiveness of sanctions other than dismissal

The fifth *Poulis* factor questions whether sanctions lesser than dismissal would be effective. *See Poulis*, 747 F.2d at 869. Seeking alternative sanctions honors the Court's tradition of adjudicating cases on the merits. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 136 (3d Cir. 2019). However, alternative sanctions, such as monetary sanctions, may be inappropriate or impractical in certain situations. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002) (finding there was no effective alternative sanction due to the IFP Plaintiff's financial situation). "Alternatives are particularly appropriate when the plaintiff has not personally contributed to the

delinquency." *Poulis*, 747 F.2d at 866. Due to Plaintiff's personal responsibility for her history of unresponsiveness, dismissal may be considered as an appropriate sanction. And due to the lack of a viable address at which to contact Plaintiff, a sanction other than dismissal would not be effective. Because Plaintiff's claims have no way to proceed in absence of her participation and there is no alternative lesser sanction, the Court finds the fifth *Poulis* factor supports the dismissal of her case.

### 6. The meritoriousness of the claim or defense

The final *Poulis* factor asks whether there is meritoriousness to the claims or defenses of the noncompliant party. *See Poulis*, 747 F.2d at 869–70 ("A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."). In addition to Plaintiff's Amended Complaint, she also filed two "supplemental filings." (ECF No. 24.) This Court ordered Plaintiff to combine her claims into one submission, as much of it was unreadable. *Id.* Plaintiff did not respond to this order and did not file a sufficient opposition to Defendant's motion to dismiss. Because Plaintiff did not fully respond to the motion, the Court is left to evaluate her complaint on its own and based on Defendant's motion, which contends Plaintiff's claims are implausible, time-barred, and fail to state a claim. (ECF No. 21-1.) While the Court declines to adjudicate the motion, it does question whether Plaintiff's claims are meritorious, and therefore finds this factor weighs in favor of dismissal without prejudice.

### B. Balancing of the Poulis Factors

The first, third, fifth, and sixth *Poulis* factors weigh in favor of dismissal of Plaintiff's case. The second and fourth factors are neutral. Therefore, the Court finds the *Poulis* factors to be sufficiently met to justify dismissal without prejudice. Plaintiff has failed to take the steps necessary to move her case forward. Plaintiff repeatedly frustrated the progress of her case by

failing to respond to the Court's Orders and to provide a valid address. Her dilatoriness, unresponsiveness, and unreachability constitute a failure to prosecute her case. This warrants dismissal of her case without prejudice.[2] "When circumstances make such an action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 63. This Court has provided Plaintiff with such notice when the Court advised Plaintiff that failure to update her address may result in dismissal. (ECF No. 26.) Further, this is not the first instance of Plaintiff's failure to participate in her case; yet the Court has afforded Plaintiff multiple opportunities to prosecute her case. Nonetheless, Plaintiff has repeatedly chosen to pause or cease involvement in her case.

IV. **CONCLUSION**

For the reasons set forth above and for good cause appearing, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Date: December 31, 2025

---

[2] The Court notes that dismissal with prejudice may be warranted in the future but declines to do so at this juncture. *See Abulkhair*, 467 F. App'x at 153 (finding dismissal with prejudice was warranted, despite the lower court having not weighed the *Poulis* factors, after the plaintiff "repeatedly impeded his case from moving forward," including non-response to Court Orders).